Judgment rendered August 28, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,742-KW

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                           Respondent

versus

CLAIBORNE S. GIPSON                          Applicant

* * * * *

On Application for Writs from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 396,796

Honorable John D. Mosley, Jr., Judge

* * * * *

MADISON E. CRUSAN                            Counsel for Applicant
Caddo Parish Public Defender

JAMES E. STEWART, SR.                        Counsel for Respondent
District Attorney

JASMINE C. COOPER
Assistant District Attorney

* * * * *

Before PITMAN, STONE, and MARCOTTE, JJ.

**PITMAN, C. J**.

Defendant Claiborne S. Gipson sought a writ on the district court's denial of his motion to suppress. This court granted the writ to docket. For the following reasons, we affirm.

## FACTS

A preliminary examination was conducted on September 5, 2023. Cpl. Stephanie Jones of the Shreveport Police Department testified that on August 3, 2023, she was working at the SporTran bus terminal when DeAndre Thomas rushed up to her, stated that someone "pulled a gun" on him and pointed to Defendant. She approached Defendant and asked if he had a gun, he replied that he had a tattoo gun, and she searched the backpack sitting next to him and found a firearm inside. She discovered that he had a prior felony charge that prohibited him from owning or possessing a firearm. She then handcuffed Defendant and read him his *Miranda* rights. The district court found probable cause. The state then filed a bill of information charging Defendant with aggravated assault with a firearm in violation of La. R.S. 14:37.4 and possession of a firearm or carrying of a concealed weapon by a convicted felon in violation of La. R.S. 14:95.1.

On November 9, 2023, Defendant filed a motion to suppress. He argued that Cpl. Jones unreasonably invaded his privacy and searched his backpack in violation of La. Const. art. I, § 5, and La. C. Cr. P. art. 215.1.

A hearing on the motion to suppress was held on December 7, 2023. Defense counsel questioned Cpl. Jones about her testimony at the preliminary hearing, including that when asked if the firearm was in plain view in the backpack, she responded that she had to unzip it. The parties then presented arguments. Defense counsel contended that the search of the

backpack was not for the officer's protection but was a search for evidence with which to make an arrest and was beyond the limited scope of a *Terry* stop because she did not frisk Defendant. Counsel stated that Cpl. Jones should have spoken to other witnesses and viewed surveillance video. Therefore, defense counsel argued that the evidence found in Defendant's backpack should be suppressed. The state argued that Cpl. Jones retrieved the weapon to make it safe, which is protocol when a defendant states that he has a weapon. The state also noted that Thomas was not acting as an informant but as a victim. Considering that the bus terminal was particularly busy that day, the state argued that the incident could fall under the exigent-circumstances exception to the warrant requirement. Defense counsel responded that if Cpl. Jones believed she was in danger, she should have seized the backpack and obtained a warrant before searching it. The district court denied the motion to suppress. It noted that Cpl. Jones searched for the weapon for safety purposes and that the search was reasonable considering the crowded setting and the fact that an alleged crime had taken place. Defendant objected to the ruling.

On December 7, 2023, Defendant filed a notice of intent to apply for a writ of review regarding the district court's denial of his motion to suppress.

This court granted the writ to docket.

## DISCUSSION

Defendant argues that the district court erred in denying his motion to suppress and that he is entitled to suppression of evidence found as a result of the illegal search. He contends that Cpl. Jones's search of his backpack violated his right against unwarranted searches and seizures and his right to privacy under U.S. Const. art. IV and La. Const. art. I, § 5. He contends that

2

Cpl. Jones should have seized his backpack and then obtained a search warrant.

The state argues that the district court did not abuse its discretion when it properly denied the motion to suppress. It contends that it proved there was justification for the search of Defendant's backpack. It argues that Thomas was acting as a victim of an aggravated assault, and not as an informant, when he reported to Cpl. Jones that he and Defendant engaged in a verbal altercation and Defendant pulled a gun on him. It states that this information combined with Cpl. Jones's professional experience, training, common sense and the facts made available to her at the time of the seizure gave her reasonable suspicion that criminal activity may have occurred. The state contends that Cpl. Jones had probable cause to arrest, so the search incident to the arrest was valid and justified any search of his person and belongings in his immediate control.

The United States and Louisiana constitutions prohibit unreasonable searches and seizures. U.S. Const. art. IV; La. Const. art. I, § 5. A defendant may move to suppress any evidence from use at the trial on the merits on the ground that it was unconstitutionally obtained. La. C. Cr. P. art. 703(A). The burden of proof is on the defendant to prove the ground of his motion, except that the state shall have the burden of proving the admissibility of any evidence seized without a warrant. La. C. Cr. P. art. 703(D). A search and seizure conducted without a warrant issued on probable cause is *per se* unreasonable unless the state can affirmatively show that the warrantless search and seizure was justified by one of the narrowly drawn exceptions to the warrant requirement. *State v. Surtain*, 09-1835 (La.

3/16/10), 31 So. 3d 1037, *citing Minnesota v. Dickerson*, 508 U.S. 366, 113 S. Ct. 2130, 124 L. Ed. 2d 334 (1993).

A traditional exception to the warrant requirement is a search incident to a lawful arrest based upon probable cause. *State v. Surtain*, *supra*, *citing United States v. Robinson*, 414 U.S. 218, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973). Probable cause to arrest exists when the facts and circumstances known to the arresting officer, and of which he has reasonable and trustworthy information, are sufficient to justify a person of ordinary caution in the belief that the accused has committed an offense. *State v. Surtain*, *supra*. The reasonableness of the arrest based upon probable cause under the Fourth Amendment extends to the search incidentally conducted. *Id.*, *citing United States v. Robinson*, *supra*. In order to determine whether a police officer had probable cause to arrest the defendant, a court must examine the events leading up to the arrest and then decide whether those facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause. *State v. Surtain*, *supra*, *citing Maryland v. Pringle*, 540 U.S. 366, 124 S. Ct. 795, 157 L. Ed. 2d 769 (2003).

Warrantless searches incidental to arrest are reasonable because when an arrest is made, it is reasonable for a police officer to expect the arrestee to use any weapons he may have and to attempt to destroy any incriminating evidence then in his possession. *State v. Sherman*, 05-0779 (La. 4/4/06), 931 So. 2d 286, *citing Cupp v. Murphy*, 412 U.S. 291, 93 S. Ct. 2000, 36 L. Ed. 2d 900 (1973); and *Chimel v. California*, 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969). The potential dangers lurking in all custodial arrests make warrantless searches of items within the immediate control area reasonable without requiring the arresting officer to calculate the probability

4

that weapons or destructible evidence may be involved. *State v. Warren*, 05-2248 (La. 2/22/07), 949 So. 2d 1215, *citing United States v. Chadwick*, 433 U.S. 1, 97 S. Ct. 2476, 53 L. Ed. 2d 538 (1977). If an officer makes a lawful arrest of an individual, that officer is authorized, without more, to search the arrestee and his wingspan or lunge space for weapons and evidence. *State v. McGraw*, 43,778 (La. App. 2 Cir. 12/10/08), 1 So. 3d 645, *writ denied*, 09-0317 (La. 11/6/09), 21 So. 3d 297, *citing Chimel v. California*, *supra*.

An incident search may not precede an arrest and serve as part of its justification; however, searches incident to arrest conducted immediately before formal arrest are valid if probable cause to arrest existed prior to the search. *State v. Surtain*, *supra*; *State v. Sherman*, *supra*. Where formal arrest followed quickly on the heels of the challenged search, it is not particularly important that the search preceded the arrest rather than vice versa. *Rawlings v. Kentucky*, 448 U.S. 98, 100 S. Ct. 2556, 65 L. Ed. 2d 633 (1980).

The trial court's ruling on a motion to suppress must be afforded great weight and will not be set aside unless there is an abuse of discretion. *State v. Carter*, 20-01193 (La. 1/26/21), 309 So. 3d 333.

In this case, the district court did not abuse its discretion in denying the motion to suppress—the search of Defendant's backpack was incident to a lawful arrest based upon probable cause. At the probable cause and motion to suppress hearings, Cpl. Jones testified about the circumstances leading up to the arrest. She noted that Thomas approached her and told her that Defendant "pulled a gun" on him. When she asked Defendant if he had a gun, he stated that he had a tattoo gun. She then searched the backpack

placed next to him and found a firearm inside. The facts presented through Cpl. Jones's testimony establish that she had probable cause to arrest Defendant due to his aggravated assault of Thomas. Therefore, she had the authority to search Defendant's person and the items within his immediate control, including his backpack. Although the search incident to the arrest was conducted immediately before the formal arrest, the search was valid because probable cause to arrest existed prior to the search.

Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Defendant Claiborne S. Gipson's motion to suppress.

**AFFIRMED.**